[Cite as *State v. Sprott*, 2017-Ohio-1508.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0066** |
| JEREMY J. SPROTT, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CR 00078.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Margaret L. Brunarski,* Ashtabula County Public Defender, 4817 State Road, #202, Ashtabula, OH 44004 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1}     Defendant-appellant, Jeremy Sprott, appeals his sentence for Burglary in the Ashtabula County Court of Common Pleas.  The issue to be determined by this court is whether the trial court erred in ordering a prison term rather than community control, given the presence of some R.C. 2929.12 factors showing that Sprott's conduct in committing the Burglary was "less serious than conduct normally constituting the

offense" and that he did not have a felony criminal record. For the following reasons, we affirm the judgment of the lower court.

{¶2} On April 7, 2016, Sprott was indicted by the Ashtabula County Grand Jury for Burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(2), and Petty Theft, a misdemeanor of the first degree, in violation of R.C. 2913.02(A)(1).

{¶3} On August 5, 2016, a plea hearing was held and, on August 8, a Written Plea of Guilty was filed. Pursuant to the plea agreement and the court's statement at the hearing, the State "anticipate[d] recommending that [Sprott] be sentenced to two years in prison" at the sentencing hearing. Sprott entered a plea of guilty to Burglary and Petty Theft as charged in the indictment and admitted to taking and attempting to sell items from the victim's house. The guilty plea was accepted by the trial court and the finding of guilty was memorialized in a Judgment Entry on the same date.

{¶4} A sentencing hearing was held on October 21, 2016. Sprott's counsel explained that the presentence investigation report recommended treatment for Sprott, and emphasized that he had no felony convictions, had not been to prison, and "would be successful at a term of community control." Regarding the Burglary, counsel noted that there was no "injury or damage to persons," that it "was not the most heinous Burglary," that the items stolen were recovered, and that Sprott cooperated with police. Counsel also explained that Sprott needed treatment and has mental health issues.

{¶5} Sprott stated that he was "really sorry for what [he had] done," that his addiction "did get the best of [him]," and that he would like to prove he could be a law-abiding citizen. The State recommended that Sprott be ordered to serve a two-year prison term.

2

**{¶6}** The court explained that it had reviewed the PSI, considered the purposes and principles of sentencing, and found "recidivism to be likely." The court recognized that there was no physical injury to a person but noted the impact burglary has on a victim and emphasized the burglary Sprott committed as a juvenile. The court also noted that Sprott entered the plea knowing the State would recommend a two-year prison sentence. Sprott was ordered to serve a term of two years for Burglary but was sentenced to no jail time for Petty Theft. A Judgment Entry of Sentence was filed on October 21, 2016, memorializing the sentence.

**{¶7}** Sprott timely appeals and raises the following assignment of error:

**{¶8}** "The trial court erred by sentencing the defendant-appellant to two years in prison without considering statutorily-required sentencing factors."

**{¶9}** The standard of review for felony sentences is provided by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9-23. "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "Applying the plain language of R.C. 2953.08(G)(2), * * * an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1.

**{¶10}** Sprott's sole argument relating to his sentence is that the trial court failed to properly consider and weigh the factors in R.C. 2929.12. He argues that the sentence is contrary to law since the trial court "ignored factors in R.C. 2929.12 that

3

made his behavior less serious and failed to give adequate weight to the R.C. 2929.12 factors that supported his request for community control."

**{¶11}** As the Supreme Court of Ohio has held, R.C. 2929.12 does not require judicial fact-finding. *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42; *State v. Macko,* 11th Dist. Lake No. 2016-L-022, 2017-Ohio-253, ¶ 75. Under R.C. 2929.12(B) and (C), the court must consider factors relating to whether "the offender's conduct is more serious than conduct normally constituting the offense," or "less serious than conduct normally constituting the offense." The court must also consider factors relating to whether the offender is "likely to commit future crimes." R.C. 2929.12(D) and (E).

**{¶12}** The trial court's Judgment Entry states that it balanced the seriousness and recidivism factors under R.C. 2929.12, and considered statements made at sentencing as well as the presentence investigation report. While it did not specifically state its finding on each of the R.C. 2929.12 factors, this court has repeatedly held that "a trial court is only obligated to *consider* the relevant factors; there is no requirement to make specific findings or use specific language during the sentencing hearing." *State v. Jackson,* 11th Dist. Lake No. 2014-L-124, 2015-Ohio-2608, ¶ 21; *State v. Long,* 2014-Ohio-4416, 19 N.E.3d 981, ¶ 79 (11th Dist.).

**{¶13}** A review of the sentencing hearing transcript reveals that both sides presented information relevant to the applicable factors. In favor of mitigation and a lack of a future risk, the defense argued that Sprott had no prior felony offenses, had not been to prison, cooperated with police, and the burglary "was not particularly heinous" and did not harm the victim or the victim's property. Defense counsel also emphasized

4

that Sprott needed substance abuse treatment and had mental health concerns. It is accurate that several of the factors tending to make the offense less serious were present and were required to be considered by the trial court. There is nothing in the record, however, to indicate that the court failed to do so in rendering its sentence.

{¶14} While the court recognized the lack of physical damage to persons and property, it noted the great harm that burglary can do to victims and that the victims "will suffer for the rest of their lives, because they will never feel safe in the one place where they should always feel safe." It also emphasized Sprott's commission of a burglary offense as a juvenile. While there may have been several factors that would mitigate the crime in contrast to the factors supporting the seriousness of the crime, "the trial court is not obligated, in the exercise of its discretion, to give any particular weight or consideration to any sentencing factor." *State v. Holin,* 174 Ohio App.3d 1, 2007-Ohio-6255, 880 N.E.2d 515, ¶ 34 (11th Dist.). It is also noteworthy that, prior to entering his guilty plea, Sprott was aware that the State intended to recommend a two-year sentence, which it did at the sentencing hearing. This recommendation was noted by the court prior to sentencing Sprott.

{¶15} Further, while the defense argues that Sprott expressed remorse, it also accurately states that he "blamed his actions on his addiction." While the court did not specifically discuss whether it believed this constituted genuine remorse, "a reviewing court must defer to the trial court as to whether a defendant's remarks are indicative of genuine remorse because it is in the best position to make that determination." (Citation omitted.) *State v. Davis,* 11th Dist. Lake No. 2010-L-148, 2011-Ohio-5435, ¶ 15.

5

{¶16} "It is the burden of the defendant to show a sentencing court did not balance the R.C. 2929.12 factors, or that the sentence imposed is "'strikingly inconsistent" with the statutory factors as they apply to his case.'" (Citation omitted.) *State v. Crandall*, 11th Dist. Ashtabula No. 2016-A-0030, 2016-Ohio-7920*, ¶ 37, citing *State v. Rutherford,* 2d Dist. Champaign No. 08CA11, 2009-Ohio-2071, ¶ 34. Sprott has failed to meet the burden to prove that the court did not balance the required R.C. 2929.12 factors or that it issued a sentence that was "strikingly inconsistent" with the statutory factors and he did not demonstrate that the sentence was unsupported by the record or contrary to law.

{¶17} The sole assignment of error is without merit.

{¶18} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas, ordering Sprott to serve a prison sentence of two years for Burglary, is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

6