[Cite as *State v. Pishner*, 2017-Ohio-8689.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**


STATE OF OHIO,                              :          **O P I N I O N**

      Plaintiff-Appellee,              :
                                                              **CASE NO.  2017-P-0004**
     - vs -                                   :

LARRY A. PISHNER, JR.,              :

      Defendant-Appellant.          :


Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2016 CR 00512.

Judgment: Affirmed.


*Victor V. Vigluicci,* Portage County Prosecutor, and *Kristina Reilly,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Paul M. Grant,* 209 South Main Street, Eighth Floor, Suite 3, Akron, OH 44308 (For Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1}  Defendant-appellant, Larry A. Pishner, Jr., appeals his eight-year sentence for Felonious Assault.  The issue before this court is whether an eight-year sentence is clearly and convincingly supported by the record where the court failed to make any findings indicating that recidivism was likely or expressly state that it considered the seriousness factors.  For the following reasons, we affirm the decision of the court below.

**{¶2}** On July 21, 2016, Larry A. Pishner, Jr. was indicted by the Portage County Grand Jury for Felonious Assault (Count One), a felony of the second degree in violation of R.C. 2903.11(A)(1); Attempted Murder (Count Two), a felony of the first degree in violation of R.C. 2923.02, 2903.02(A), and 2929.02; Attempted Murder (Count Three), a felony of the first degree in violation of R.C. 2923.02, 2903.02(B), and 2929.02; and Domestic Violence (Count Four), a misdemeanor of the first degree in violation of R.C. 2919.25(A).

**{¶3}** The charges in the Indictment were based on events involving Pishner and his wife, Brandy, occurring at their home on July 16, 2016.

**{¶4}** On August 24, 2016, the State, with leave of the trial court, entered a Nolle Prosequi as to Attempted Murder (Count Three) of the Indictment.

**{¶5}** On November 30, 2016, Pishner entered a Written Plea of Guilty to Felonious Assault, with the remaining Counts of the Indictment being dismissed on motion of the State.

**{¶6}** On January 3, 2017, a sentencing hearing was held. Counsel for Pishner urged a sentence "at the lower end of the prison range" in light of Pishner's acceptance of responsibility for his conduct, lack of criminal record, and "exemplary record" while in jail.

**{¶7}** David George Idell spoke on Pishner's behalf. He has known Pishner for ten years, since they were in the military together, and had never seen him show "any anger towards anyone."

**{¶8}** Teresa Holland spoke on Pishner's behalf. She is the mother of Pishner's first wife and grandmother to his only child. She has known Pishner for many years and

2

has stayed in the home he shared with his current wife, Brandy. She has consistently known him to be "a hardworking and committed family man."

{¶9} Debra Collins, Brandy's mother, spoke on behalf of the State. She loved Pishner for seventeen years as if he were her son and did not initially believe Pishner could have done what he did. She described Brandy's condition on the night of the incident as follows:

> [S]he had half bitten-off fingers and broken fingers and a broken nose and a broken orbital bone. And the doctor was gonna have to build mesh up here (indicating), and bite marks all over her face and her body. Hunks of hair – her hair was in a ball of blood that we worked for two weeks trying to comb it out, and hunks and hunks of hair.

{¶10} Brandy Pishner addressed the court. She loved Pishner and agreed that he has a good side. She was "not really going to speak for or against it [sentencing] because it doesn't matter": "I'm broken."

{¶11} The prosecutor addressed the court and explained that, on the night in question, the Pishners' neighbors heard an escalating argument. It "sounded like rage coming from the Defendant's voice and all [the neighbor] could hear from Brandy was please help and stop." Next he heard the sound of "a body being thrown up against a wall." Finally, he heard the "blood-curdling scream" of Brandy's three-year-old nephew who was present. He summoned his wife and they immediately called 911.

{¶12} The officers who responded saw "the Defendant on top of Brandy in the garage through the main door * * * like watching an MMA cage fight with him on top of her just pummeling her head off the concrete garage floor." By this time, "he had already pulled out chunks of her hair from her head, [and] had already bitten her all over."

3

{¶13} Pishner addressed the court and apologized for his conduct. He said he had no intention of killing Brandy and that he deserves whatever sentence he receives. "I'm gonna man up to it and own up to it."

{¶14} The trial judge expressed her opinion that, if the police had not arrived, Pishner would have killed Brandy. She noted that Brandy insinuated that "there may have been signs of this coming about for some time" and that there are mental health issues. She also noted that she could "not imagine" what impact witnessing the attack has had on the child. The judge then pronounced sentence:

> The Court must first consider the overriding principles of 2929.19. First consideration is to protect the public from future crimes by the Defendant and others in this similar situation.
>
> The second is to severely punish the Defendant using the minimum sanctions that the Court determines accomplishes those purposes without imposing an unnecessary burden on the State or local government resources.
>
> The Court understands and has taken into consideration the need for incapacitating the Defendant, deterring the Defendant and others from future crimes, rehabilitating the Defendant, making restitution to the victim of the crime or the public or both.
>
> Weighing all the factors, a prison term is consistent with the purpose and principles of 2929.19, and the Defendant is not amenable to available community control sanctions.
>
> Therefore, based on the injuries, protection of the public and others from crimes of this nature and from future crimes by the Defendant, the Defendant is going to be sentenced to the Ohio Department of Corrections for a period of eight years.

{¶15} The trial court further assessed a fine of $300 and advised Pishner that he would be subject to three years of mandatory post-release control.

{¶16} Pishner's sentence was memorialized on January 4, 2017.

4

{¶17} On January 20, 2017, Pishner filed his Notice of Appeal. On appeal, he raises the following assignment of error:

{¶18} "[1.] The trial court erred to the prejudice of Mr. Pishner by imposing the maximum sentence based upon facts not contained in the record and the trial court's failure to consider R.C. 2929.12, in violation of Mr. Pishner's rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution."

{¶19} For second-degree Felonious Assault, the maximum prison term that may be imposed is eight years. R.C. 2929.14(A)(2).

{¶20} A sentencing court is not required "to make any particular 'findings' before imposing a statutory maximum prison sentence." *State v. Whitt*, 2d Dist. Clark No. 2014-CA-125, 2016-Ohio-843, ¶ 8; *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 74. Rather, the court has "full discretion to impose a prison sentence within the statutory range." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. The court is "merely * * * required to consider the principles and purposes of sentencing as well as the seriousness and recidivism factors." *Whitt* at ¶ 8; R.C. 2929.12(A) ("[i]n exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and * * * any other factors that are relevant to achieving those purposes and principles of sentencing"). Moreover, "the trial court is not obligated * * * to give any particular weight

5

or consideration to any sentencing factor." *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, 880 N.E.2d 515, ¶ 34 (11th Dist.).

**{¶21}** "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b).

**{¶22}** Where the sentence imposed does "not require the findings that R.C. 2953.08(G) specifically addresses * * *, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. "That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.*

**{¶23}** Pishner argues that the trial court failed to comply with the felony sentencing statutes by not considering the seriousness and recidivism factors set forth in R.C. 2929.12. Although the court stated that it had considered "the overriding

principles of 2929.19[1]," it never indicated that it found his conduct more serious than conduct normally constituting the offense or that he was likely to commit future crimes, and "never mentioned considering the factors contained in R.C. 2929.12." Appellant's brief at 5.

**{¶24}** The trial court's failure to expressly state that it had considered the seriousness and recidivism factors contained in R.C. 2929.12 is not grounds for reversing Pishner's sentence. On the contrary, the Ohio Supreme Court has held that "[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus.

**{¶25}** In the present case, the trial court stated that, in consideration of the purpose and principles of felony sentencing, it was "[w]eighing all the factors," which may reasonably be taken to refer to the R.C. 2929.12 factors "relevant to achieving th[e] purposes and principles of sentencing." R.C. 2929.12(A). *State v. Guth*, 11th Dist. Portage No. 2015-P-0083, 2016-Ohio-8221, ¶ 28 and 30 (affirming the sentence where "the trial court expressly stated that it had considered the statutory purposes of felony sentencing prior to making its decision," and "there [was] nothing in the record to show that the trial court did not consider the sentencing factors under R.C. 2929.12"). Accordingly, the presumption that the court considered the relevant factors remains un-rebutted.

**{¶26}** Pishner further argues that the maximum sentence of eight years is not supported by clear and convincing evidence. He notes that everyone who testified at

---

1. Despite citing R.C. 2929.19, the trial court's language during this portion of the sentencing hearing closely follows the language of R.C. 2929.11, which statute the court unquestionably intended to reference.

7

the sentencing hearing agreed that his "conduct was out of character for him." He "expressly apologized to the victim and his family." Pishner concedes that drinking was a factor in his conduct but asserts that he has "successfully completed the Sober Success program offered in the jail." Appellant's brief at 6-7.

{¶27} Pishner's characterization of these mitigating factors is misleading. Pishner did not expressly apologize to either Brandy or her family; rather, he apologized to the court, his family, and his daughter. Also, Brandy did not testify that Pishner's conduct was out of character for him. She intimated, albeit darkly, that, unlike the others who spoke at the hearing: "I * * * know what sixteen-and-a-half years has been. I know, not them. And he knows."

{¶28} More compelling is the brutal nature of the assault. The trial judge expressed her reasonable belief that, if the case had proceeded to trial, Pishner would have been found guilty of Attempted Murder as charged in the Indictment, and that, if the police had not arrived, Pishner would have killed Brandy. Unlike Pishner, the trial court also noted the trauma caused the three-year-old witness of the assault, whose screams ultimately induced the neighbors to summon the police. These aspects of Pishner's case clearly and convincing support the court's imposition of an eight-year sentence.

{¶29} The sole assignment of error is without merit.

{¶30} For the foregoing reasons, the eight-year prison sentence imposed by the Portage County Court of Common Pleas is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, P.J., concurs,

8

COLLEEN MARY O'TOOLE, J., dissents with a dissenting opinion.

---

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶31} I respectfully dissent.

{¶32} In this writer's opinion appellant is entitled to a resentencing hearing.

{¶33} When reviewing if an imposed sentence is supported by the record, we are required to use the standard set forth in R.C. 2953.08(G)(2), which states:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶34} This court has held that a sentence is contrary to law if the sentence is in excess of the statutory range for the offense, or the trial court failed to consider the purpose and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors outlined in R.C. 2929.12.

{¶35} R.C. 2929.11, "Purposes of felony sentencing," states in part:

9

"(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

"(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶36} The guidelines contained in R.C. 2929.12, "Seriousness of crime and recidivism factors," specifically at (E), state:

"(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

"(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

"(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

"(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

"(4) The offense was committed under circumstances not likely to recur.

"(5) The offender shows genuine remorse for the offense."

{¶37} The court is required under the above statutes to consider the seriousness and recidivism factors in each specific case. This is not merely advisory. In this

10

instance the only evidence is the pre-sentence investigation which is lacking any specific indication or information as to the seriousness and recidivism factors necessary to sustain the sentence imposed.

{¶38} Appellant's undisputed act of senseless and horrific violence appears, from all accounts, to be an anomaly. Appellant is a military veteran who, up until this time, had led a law-abiding life. If punishment were the only sentencing factor required by R.C. 2929.12 then there is no doubt that a maximum sentence would be justified.

{¶39} However, the purposes of the legislation and the required considerations under the statute are to insure fairness and a statutory basis for expending tax-payer dollars, not vengeance. The statute serves to focus the jurist to be thoughtful and mindful when imposing a sentence. The statute requires a properly considered, measured, thoughtful and transparent process by which the victim, the defendant, the public and other justice system partners can observe and understand that the sentence imposed was just and thoroughly thought out.

{¶40} Justice and the Constitution require mindfulness, transparency and fairness to all, not just a simple rote restatement of the statutory "magic words." In this case the trial court failed to satisfy that basic requirement, therefore I would remand for resentencing.

{¶41} Respectfully, I dissent.

11