[Cite as *State v. Noggy*, 2018-Ohio-2350.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-156** |
| JAMES R. NOGGY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2017 CR 000056.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer*, Lake County Public Defender, and *Vanessa R. Clapp*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, James R. Noggy, appeals from the Judgment Entry of Sentence of the Lake County Court of Common Pleas, ordering him to serve a term of three years in prison for Attempted Felonious Assault. The issue to be determined in this case is whether such a sentence is contrary to law when the court determined that multiple R.C. 2929.12(B) factors applied, indicating the defendant's conduct in committing the offense was more serious than conduct typically constituting the offense.

For the following reasons, we affirm the judgment of the lower court.

{¶2}   On June 16, 2017, Noggy was indicted by the Lake County Grand Jury for Felonious Assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1).

{¶3}   At a September 7, 2017 plea hearing, Noggy entered a plea of guilty to the lesser included offense of Attempted Felonious Assault, a felony of the third degree, in violation of R.C. 2923.02(A) and 2903.11(A)(1).   Pursuant to the State, it would have proven at trial that Noggy assaulted his former girlfriend, Kelly Hillier, by punching and striking her.   Hillier suffered a subdural hematoma (bleeding between the skull and brain), concussion, and a break in her jaw.   Noggy admitted to pushing Hillier and causing her to fall over the couch, but denied punching her.   The guilty plea was accepted by the trial court and memorialized in a September 8, 2017 Judgment Entry.

{¶4}   A sentencing hearing was held on October 19, 2017.   Noggy's counsel argued that the case resulted from "a very toxic relationship," explained that Noggy "takes responsibility for his actions here," and that he is moving forward in a "positive direction."   He described that Noggy has been sober and is employed and would pay restitution.   Noggy stated that he was "very sorry for what [he] did," explaining that he hurt Hillier when he pushed her, although he "didn't mean to do it."

{¶5}   The State recommended a sentence of four years of community control and noted the need for restitution given the extensive amount of medical treatment required.   Several family members, including Hillier's ex-husband, two children, and her father, noted a history of violence by Noggy against Hillier during their relationship. They also opined that this had a negative impact on Hillier, causing her to suffer fear and anxiety.   Kelly Hillier stated that she has had nightmares since the assault and that it had been "the worst 10 months of [her] life."   She believed she would die when Noggy

2

assaulted her.

{¶6} The court stated that it had reviewed the presentence investigation report (PSI) and considered the purposes and principles of sentencing. It found that the victim suffered serious physical, psychological, and economic harm, her "mental condition" was exacerbated by the assault, the defendant's relationship with her facilitated the offense, and he "appeared to be motivated by prejudice against her gender." It found no genuine remorse was expressed. The court ordered Noggy to serve a term of three years in prison and pay restitution. The sentence was memorialized in an October 23, 2017 Judgment Entry of Sentence.

{¶7} Noggy timely appeals and raises the following assignment of error:

{¶8} "The trial court erred by sentencing the defendant-appellant to a maximum, thirty-six-month prison term."

{¶9} The standard of review for felony sentences is provided by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9-23. "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "Applying the plain language of R.C. 2953.08(G)(2), * * * an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1.

{¶10} Noggy argues that the trial court erred in sentencing him to a prison term of three years since its R.C. 2929.12 findings were unsupported by the evidence and were contrary to law.

3

{¶11} R.C. 2929.12 does not require judicial fact-finding. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42; *State v. Sprott*, 11th Dist. Ashtabula No. 2016-A-0066, 2017-Ohio-1508, ¶ 11. Rather, "in sentencing a defendant for a felony, 'a court is merely required to "consider" the purposes and principles of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12.'" *State v. Brown*, 11th Dist. Lake No. 2014-L-075, 2015-Ohio-2897, ¶ 34, quoting *State v. Lloyd*, 11th Dist. Lake No. 2006-L-185, 2007-Ohio-3013, ¶ 44. "The trial court satisfies its obligation to consider the seriousness and recidivism factors in R.C. 2929.12 by stating that it considered them." *Brown* at ¶ 34. "[T]he trial court is not obligated * * * to give any particular weight or consideration to any [R.C. 2929.12] sentencing factor." (Citation omitted.) *State v. Pishner*, 11th Dist. Portage No. 2017-P-0004, 2017-Ohio-8689, ¶ 20.

{¶12} Under R.C. 2929.12(B) and (C), the trial court must consider factors relating to whether "the offender's conduct is more serious than conduct normally constituting the offense," or "less serious than conduct normally constituting the offense." The court must also consider factors relating to whether the offender is "likely to commit future crimes." R.C. 2929.12(D) and (E).

{¶13} At the sentencing hearing and in its sentencing entry, the trial court stated it had considered the seriousness and recidivism factors in R.C. 2929.12. It noted the existence of multiple factors making the offense more serious, including that Noggy and the victim had previously been in a relationship and the serious physical and psychological harm caused, which was extensively discussed by several individuals at sentencing. R.C. 2929.12(B)(2) and (6). The court found no factors making the harm less serious. The court also considered Noggy's prior OVI offenses as well as an

4

assault conviction which related to threatening and/or assaulting a girlfriend, and found no factors making recidivism less likely.

{¶14} Noggy argues that the trial court erred in finding that none of the "less serious" factors applied. Specifically, he contends that the victim induced or facilitated the offense, he acted under strong provocation, he did not cause or expect to cause physical harm, and that there are substantial grounds to mitigate his conduct. R.C. 2929.12(C)(1)-(4). The application of these factors, however, all depend upon the trial court accepting Noggy's description of the crime, including his assertion that Hillier attacked him, he only pushed her, and she fell over the couch. However, this is contrary to the version of events outlined by the State, Hillier and others at the plea and sentencing hearings describing that Noggy punched her and repeatedly beat her. Photographs showed serious injuries, described as a subdermal hematoma, concussion, and broken jaw, which it was reasonable to conclude did not result from being pushed and falling over a couch. It is evident that the court declined to accept Noggy's version of the events, leading to its determination that these factors did not apply.

{¶15} Noggy also argues that the court inaccurately found that he denied having a drug and alcohol problem although he requested treatment. The trial court's finding appears to be based on the fact that Noggy was dishonest during a psychological assessment and had claimed he had been sober for a year and a half, a fact Noggy admitted was untrue at the sentencing hearing. Thus, the court's finding as to this issue was supported by the record.

{¶16} Finally, Noggy contends that the court erred in finding he lacked remorse, given that he apologized, accepted responsibility, expressed a willingness to pay

5

restitution, and took steps to move forward in a "positive direction." It is evident that the court did not find this expression of remorse to be genuine, especially given that, at the plea hearing and sentencing hearing, Noggy downplayed his conduct, stating only that he pushed Hillier, causing her to fall over a couch. As noted above, given the contrasting facts presented by the State, the court was within its discretion to find a lack of remorse. "[A] reviewing court must defer to the trial court as to whether a defendant's remarks are indicative of a genuine remorse because it is in the best position to make that determination." (Citation omitted.) *State v. Davis*, 11th Dist. Lake No. 2010-L-148, 2011-Ohio-5435, ¶ 15. Noggy presently having a job and a girlfriend does not negate the factors the court found weighed against him.

{¶17} Based on a review of the record and as described above, the trial court considered the necessary factors under R.C. 2929.12 and we cannot find by clear and convincing evidence that the record does not support the trial court's findings or that the sentence is otherwise contrary to law.

{¶18} The sole assignment of error is without merit.

{¶19} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, sentencing Noggy to a term of three years in prison, is affirmed. Costs to be taxed against appellant.

THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.

6