[Cite as *State v. Snyder*, 2019-Ohio-2090.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NOS. 2018-A-0070<br>2018-A-0071<br>2018-A-0072 |
| STEVEN JOSEPH SNYDER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Ashtabula County Court of Common Pleas, Case Nos. 2016 CR 00604, 2017 CR 00088, and 2017 CR 00089.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Edward M. Heindel*, 2200 Terminal Tower, 50 Public Square, Cleveland, OH 44113 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Steven Joseph Snyder, appeals from his five-year sentence for Burglary and Attempted Burglary in the Ashtabula County Court of Common Pleas. The issue to be determined by this court is whether a trial court errs when it does not make specific factual findings in support of a defendant's sentence and orders a prison term rather than a less restrictive sanction when the defendant struggled with substance abuse. For the following reasons, we affirm the judgment of the lower court.

{¶2} On November 9, 2016, Snyder was indicted by the Ashtabula County Grand Jury for Attempted Burglary, a felony of the third degree, in violation of R.C. 2911.12(A)(1) and R.C. 2923.02(A). On March 16, 2017, he was indicted for Burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(1). On the same date, he was also indicted for Attempted Burglary, a felony of the third degree, in violation of R.C. 2911.12(A)(1) and R.C. 2923.02(A). Each offense was indicted under a separate case number.

{¶3} A plea hearing was held on April 27, 2017, at which Snyder entered pleas of no contest to the three offenses as charged. At the plea hearing, the State described the offenses, which included attempting to enter three residences by way of force. The court found him guilty of these offenses, which was memorialized in its May 2, 2017 Judgment Entries. The court imposed a sentence of three years for Burglary and one year for each offense of Attempted Burglary, to run consecutively for a total prison term of five years.

{¶4} Snyder appealed his convictions and sentence. On appeal, this court affirmed the entry of the no contest plea and finding of guilt, but remanded for a resentencing hearing since the trial court failed to make consecutive sentencing findings. *State v. Snyder*, 11th Dist. Ashtabula Nos. 2017-A-0041, et al., 2018-Ohio-2826, ¶ 17.

{¶5} On September 6, 2018, a resentencing hearing was held. Defense counsel emphasized that Snyder had a history of substance abuse and requested community control. The State argued that consecutive prison terms were necessary given the course of conduct in committing burglaries or attempted burglaries at three separate homes with three victims, including having a "struggle" with one victim. The

2

court noted the presence of victims during the crimes and emphasized "the serious nature of burglary" and the need for citizens to feel safe in their homes. The court also referenced that it considered Snyder's lengthy criminal history as both a juvenile and an adult. The court again imposed a sentence of three years for Burglary and one year for each offense of Attempted Burglary, to run consecutively. The court made consecutive sentencing findings. The foregoing was memorialized in Judgment Entries of Sentence filed on September 11, 2018.

{¶6} Snyder timely appeals and raises the following assignment of error:

{¶7} "The trial court erred when it sentenced Snyder to a prison term of sixty months."

{¶8} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds either * * * (a) [t]hat the record does not support the sentencing court's findings under division * * * (B) or (D) of section 2929.13 * * * [or] (b) [t]hat the sentence is otherwise contrary to law." *Id.*

{¶9} "'A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.'" *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶ 18, quoting *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 14. "[A]n appellate court may vacate or modify any sentence that is not

3

clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶10} Snyder concedes that his sentences were within the statutory range. However, he contends that the trial court "did not properly consider the purposes and principles of felony sentencing" under R.C. 2929.11 and did not mention the seriousness and recidivism factors contained in R.C. 2929.12.

{¶11} Pursuant to former R.C. 2929.11(A), "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing * * * [which] are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." The court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* In determining "the most effective way to comply with the purposes and principles of sentencing," a trial court must consider factors relating to the seriousness of the conduct and the likelihood of the offender's recidivism, as well as any other relevant factors. R.C. 2929.12(A).

{¶12} Here, the trial court clearly stated in its sentencing entries that it considered the purposes of sentencing under the R.C. 2929.11 and the R.C. 2929.12 factors, as well as the record, oral statements, presentence investigation report, and any victim statements. While the court did not state its findings as to each factor, R.C. 2929.11 and .12 do not require judicial fact-finding. *State v. Sprott*, 11th Dist. Ashtabula No. 2016-A-0066, 2017-Ohio-1508, ¶ 11. "[I]n sentencing a defendant for a felony, 'a

4

court is merely required to "consider" the purposes and principles of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12,'" not make "specific findings or use specific language" during sentencing. (Citation omitted.) *State v. Brown*, 11th Dist. Lake No. 2014-L-075, 2015-Ohio-2897, ¶ 34; *State v. Jackson*, 11th Dist. Lake No. 2014-L-124, 2015-Ohio-2608, ¶ 21.

{¶13} Snyder asserts that the court "ignored" the R.C. 2929.12 factors. As noted above, the court's failure to state specific findings on each factor does not constitute error. The court had before it adequate evidence to consider these factors. Based on the record, the court specifically concluded that Snyder's actions presented a danger to the community and emphasized his lengthy criminal record, which would be relevant factors to consider under R.C. 2929.12. While there may be some factors that could weigh in favor of Snyder receiving a lesser sentence, such as a lack of injury to the victims and his admission of guilt, "the trial court is not obligated * * * to give any particular weight or consideration to any [R.C. 2929.12] sentencing factor." (Citation omitted.) *State v. Pishner*, 11th Dist. Portage No. 2017-P-0004, 2017-Ohio-8689, ¶ 20.

{¶14} Further, while Snyder argues that he should have been given a lesser sentence or community control, pursuant to the purposes of sentencing under R.C. 2929.11, in light of his substance abuse problems, the court acted within its discretion in issuing its sentences. The trial court has "full discretion to impose a prison sentence within the statutory range." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. Further, given the nature and degree of the offenses, there is no presumption in favor of community control. *See* R.C. 2929.13. As outlined above, there were grounds justifying the court's decision ordering Snyder to serve a prison sentence, such as his criminal history and conduct, which relate to the

5

purposes and principles of sentencing under R.C. 2929.11, including the need for incapacitating the offender and to deter him from committing future crime. R.C. 2929.11(A).

{¶15} We emphasize that "[i]t is the burden of the defendant to show a sentencing court did not balance the R.C. 2929.12 factors," or that the imposed sentence "is strikingly inconsistent with the factors in R.C. 2929.11 and R.C. 2929.12 as they apply to this case." (Citations omitted.) *Sprott*, 2017-Ohio-1508, at ¶ 16; *State v. Rutherford,* 2d Dist. Champaign No. 08CA11, 2009-Ohio-2071, ¶ 35. Snyder has failed to meet the burden to prove that the court did not balance the required factors or that it issued a sentence that was "strikingly inconsistent" with the statutory factors and did not demonstrate that the sentence was unsupported by the record or contrary to law.

{¶16} The sole assignment of error is without merit.

{¶17} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas, sentencing Snyder to an aggregate prison term of five years, is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.