[Cite as *State v. Broder*, 2019-Ohio-4134.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0002** |
| ARTEUM PATRICK BRODEUR, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2017 CR 00439.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Thomas Rein*, 820 West Superior Avenue, Suite 800, Cleveland, OH 44113 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Arteum Patrick Brodeur, appeals from his sentence for Voluntary Manslaughter in the Trumbull County Court of Common Pleas. The issue to be determined in this case is whether a court errs when it states that it has considered the purposes and principles of sentencing and pertinent sentencing factors but fails to explain the rationale behind giving a greater than minimum sentence and discuss each seriousness and recidivism factor. For the following reasons, we affirm the decision of the lower court.

**{¶2}** On July 13, 2017, Brodeur was indicted by the Trumbull County Grand Jury for two counts of Murder, unclassified felonies, in violation of R.C. 2903.02(A) and (B), and one count of Tampering with Evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1).

**{¶3}** A change of plea hearing was held on March 28, 2018, at which Brodeur entered a guilty plea to an amended count of Voluntary Manslaughter, a felony of the first degree, in violation of R.C. 2903.03(A). As a factual basis, the State explained that Brodeur stabbed the victim following a dispute over the victim's girlfriend. A Nolle Prosequi was entered on the remaining counts of the Indictment. A Finding on Guilty Plea to the Amended Indictment was filed on the same date.

**{¶4}** The court held a sentencing hearing on May 23, 2018. Brodeur apologized to the family of the victim. The State recommended a sentence of 11 years in prison. The court stated that Brodeur made "wrong decisions," but recognized that, from reviewing the PSI report, Brodeur had a "very rough life." The court also noted that he had prior felony convictions and a probation violation. Brodeur was ordered to serve a term of eight years in prison, which was memorialized in the court's May 30, 2018 Judgment Entry on Sentence.[1] In the entry, the court stated that it considered the purposes and principles of sentencing and the seriousness and recidivism factors pursuant to R.C. 2929.11 and .12.

**{¶5}** Brodeur subsequently moved this court for leave to file a delayed appeal, which motion was granted. On appeal, Brodeur raises the following assignment of error:

**{¶6}** "The record clearly and convincingly fails to support the imposition of more

---

1. The court issued an Amended Entry on June 4, 2018, which corrected a typographical error.

2

than a minimum sentence upon Appellant."

{¶7} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds either * * * (a) [t]hat the record does not support the sentencing court's findings under division * * * (B) or (D) of section 2929.13 * * * [or] (b) [t]hat the sentence is otherwise contrary to law." *Id.*

{¶8} "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶9} Brodeur argues that the trial judge failed to give meaningful consideration to the R.C. 2929.12 factors and "gave no legal basis or explanation for not imposing a minimum sentence." He also contends that the court did not mention the R.C. 2929.11 or .12 factors at the sentencing hearing and only did so in the sentencing entry.

{¶10} Pursuant to R.C. 2929.11(A), "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing * * * [which] are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." The court shall consider the need for incapacitation, deterrence, rehabilitation, and restitution. *Id.* In determining

3

"the most effective way to comply with the purposes and principles of sentencing," a trial court must consider factors relating to the seriousness of the conduct and the likelihood of the offender's recidivism, as well as any other relevant factors. R.C. 2929.12(A).

{¶11} As to consideration of the statutory factors, it must be recognized that "in sentencing a defendant for a felony, 'a court is merely required to "consider" the purposes and principles of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12,'" not make "specific findings or use specific language." (Citation omitted.) *State v. Brown*, 11th Dist. Lake No. 2014-L-075, 2015-Ohio-2897, ¶ 34; *State v. Jackson*, 11th Dist. Lake No. 2014-L-124, 2015-Ohio-2608, ¶ 21. Although not required to do so, the trial court demonstrated its consideration of the factors by stating in its sentencing entry that it had considered the purposes and principles of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. While Brodeur emphasizes that the trial court did not mention these factors at the sentencing hearing, it was not required to do so. *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61 ("[a]lthough the court did not specifically reference the relevant statutory guidelines during the sentencing, its journal entry imposing sentence" stating that it considered them fulfilled the court's obligation).

{¶12} Nonetheless, at the sentencing hearing the court specifically emphasized Brodeur's criminal history of felony offenses as well as a probation violation, noted that it had considered the facts of the offense, and recognized Brodeur's difficult past. In sum, the court demonstrated that it had considered the statements made at sentencing and the PSI report and applied these to the statutory factors, which include a defendant's past criminal conduct. Brodeur fails to point to anything in the record showing the court ignored the seriousness and recidivism factors. "It is the burden of

4

the defendant to show a sentencing court did not balance the R.C. 2929.12 factors," or that the imposed sentence is "'strikingly inconsistent' with the factors in R.C. 2929.11 and R.C. 2929.12 as they apply to this case." (Citations omitted.) *State v. Sprott*, 11th Dist. Ashtabula No. 2016-A-0066, 2017-Ohio-1508, ¶ 16. Brodeur has failed to meet that burden.

{¶13} In support of his position that the court did not comply with the purposes of sentencing or consider the requisite factors, Brodeur cites *State v. Jones*, 8th Dist. Cuyahoga Nos. 103290 and 103302, 2016-Ohio-5923, in which the court found that, given the existence of extensive mitigating factors in relation to involuntary manslaughter and child endangering convictions and the lack of factors showing an increased risk of recidivism, the defendants' sentences must be vacated. *Id.* at ¶ 108-113. Even presuming the legal analysis in the *Jones* opinion to be correct and applicable, *Jones* is distinguishable given the circumstances of the crimes and, in particular, the defendants' lack of criminal records. To the extent that Brodeur argues, that, although he had a criminal record, "relative to many other defendants in the Ohio criminal justice system, [his criminal record] was not the worst," we emphasize that courts are not required to conduct a case-by-case comparison to arrive at a sentence that is consistent with other defendants. *State v. Sari*, 11th Dist. Lake No. 2016-L-109, 2017-Ohio-2933, ¶ 52. Rather, the sentencing court need only apply the statutory sentencing guidelines which the trial court did in the present case. *See State v. Simpson*, 11th Dist. Lake No. 2016-L-014, 2016-Ohio-7746, ¶ 28.

{¶14} Brodeur also argues that the court gave no legal basis or explanation for its decision to impose a greater than minimum sentence. The Ohio Supreme Court has held that "[t]rial courts have full discretion to impose a prison sentence within the

5

statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * or more than the minimum sentences." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. There is no question that the court sentenced Brodeur within the proper range and it was not required to specifically state its rationale for ordering a greater than minimum sentence.

{¶15} Finally, Brodeur argues that "the record clearly and convincingly demonstrates that the imposition of a maximum penalty is unwarranted, and does not serve the requirement of R.C. 2929.11 that a sentence 'use the minimum sanctions that the court [determines accomplish the purposes of R.C. 2929.11] without imposing an unnecessary burden on state or local government resources.'" Brodeur did not receive the maximum penalty for Voluntary Manslaughter, which is 11 years in prison. R.C. 2929.14(A)(1)(a) (prison terms imposed for a first degree felony shall be "three, four, five, six, seven, eight, nine, ten, or eleven years"). Further, there is nothing in the record to demonstrate a lack of compliance with R.C. 2929.11 for the reasons discussed above.

{¶16} The sole assignment of error is without merit.

{¶17} For the foregoing reasons, Brodeur's sentence for Voluntary Manslaughter in the Trumbull County Court of Common Pleas is affirmed. Costs to be taxed against appellant.

THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.

6