[Cite as *State v. Fallon*, 2020-Ohio-1075.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-A-0079** |
| JOSEPH FALLON, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2019 CR 00096.

Judgment: Affirmed.

*Cecilia M. Cooper*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Prosecutor's Office, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Marie Lane*, Ashtabula County Public Defender, and *Mary C. Springer*, Assistant Public Defender, 4817 State Road, Suite 202, Ashtabula, OH 44004 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Joseph Fallon, Jr., appeals his sentence for Attempted Domestic Violence in the Ashtabula County Court of Common Pleas. For the following reasons, we affirm the decision of the lower court.

{¶2} On April 10, 2019, Fallon was indicted by the Ashtabula County Grand Jury for Domestic Violence, a felony of the fourth degree, in violation of R.C. 2919.25(A) and (D)(3); Endangering Children, a misdemeanor of the first degree, in violation of R.C.

2919.22(A) and (E)(2)(a); and Domestic Violence, a misdemeanor of the second degree, in violation of R.C. 2919.25(C) and (D)(3).

{¶3} A plea hearing was held on July 24, 2019, at which Fallon entered a plea of guilty to one count of Attempted Domestic Violence, a felony of the fifth degree, in violation of R.C. 2923.02(A) and 2919.25(A) and (D)(3). At the plea hearing, Fallon described the offense as follows: When his son and daughter were getting "rough," Fallon tried to restrain his nine-year-old son and he "put a little more effort into it than [he] should have." The remaining counts of the indictment were dismissed.

{¶4} A sentencing hearing was held on September 30, 2019. Defense counsel requested that Fallon be ordered to serve a term of community control. Counsel contended that this was a low level felony, a result of attempted discipline, and did not result in injuries to Fallon's son. Counsel argued that Fallon admitted to having an alcohol problem, has gone to parenting and anger management courses, recently obtained employment, and was previously successful on probation. The State recommended community control, as it had agreed to in the written plea agreement.

{¶5} The court stated that the presentence investigation report outlined "a rather serious situation" which "didn't sound like disciplining a child" and presented a severe risk of harm to the child. The court also noted Fallon's history of offenses of violence. It found that "community control would be demeaning to the seriousness of [Fallon's] conduct and not commensurate with that conduct." The court imposed a sentence of one year in prison. The sentence was memorialized in an October 1, 2019 Judgment Entry of Sentence, subsequently amended due to a typographical error. In the entry, the court stated that it considered the record, PSI, the purposes and principles of sentencing, the

2

seriousness and recidivism factors pursuant to R.C. 2929.11 and .12, and the need for deterrence, incapacitation, rehabilitation, and restitution. The entry stated that Fallon was not amenable to community control due to the serious facts of the case, his prior violent offenses, and his prior prison term.

{¶6} Fallon timely appeals and raises the following assignment of error:

{¶7} "The Court[']s sentence must be reversed and remanded as contrary to law."

{¶8} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence * * * given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds either * * * [t]hat the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "[t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b).

{¶9} "'A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.'" *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶ 18, quoting *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 14.

{¶10} "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing

3

evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶11} Fallon argues that "at sentencing the court did not adhere sufficiently to the requisite sentencing factors required by R.C. 2929.11 and R.C. 2929.12." He contends that the court did not indicate it considered the R.C. 2929.11 statutory factors and "it is difficult [from the transcript] to conclude that the trial court here considered the punishment purpose in R.C. 2929.11."

{¶12} Pursuant to R.C. 2929.11(A), "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing * * * [which] are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." To achieve these purposes, the court shall consider the need for incapacitation, deterrence, rehabilitation, and restitution. *Id.* In determining "the most effective way to comply with the purposes and principles of sentencing," a trial court must consider factors relating to the seriousness of the conduct and the likelihood of the offender's recidivism, as well as any other relevant factors. R.C. 2929.12(A).

{¶13} As to consideration of the statutory factors, it must be recognized that "in sentencing a defendant for a felony, 'a court is merely required to "consider" the purposes and principles of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12,'" not make "specific findings or use specific language." (Citation omitted.) *State v. Brown*, 11th Dist. Lake No. 2014-L-075, 2015-Ohio-2897, ¶ 34; *State v. Jackson*, 11th

Dist. Lake No. 2014-L-124, 2015-Ohio-2608, ¶ 21. Although not required to do so, the trial court demonstrated its consideration of the factors by specifically stating in its sentencing entry that it had considered the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors contained in R.C. 2929.12. The court was not required to reference the guidelines at the sentencing hearing. *State v. Brodeur*, 11th Dist. Trumbull No. 2019-T-0002, 2019-Ohio-4134, ¶ 11, citing *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61 ("[a]lthough the court did not specifically reference the relevant statutory guidelines during the sentencing, its journal entry imposing sentence" stating that it considered them fulfilled the court's obligation).

{¶14} Nonetheless, at the sentencing hearing the court specifically emphasized the serious nature of the offense, the risk of harm to the victim who was Fallon's son, and Fallon's past history of offenses of violence. In sum, the court demonstrated that it had considered the statements made at sentencing and the PSI report and applied these to the statutory factors, which include a defendant's past criminal conduct and the seriousness of the offense. Fallon fails to point to anything in the record showing the court ignored the seriousness and recidivism factors.

{¶15} Fallon contends that the court did not adequately consider the specific purpose of sentencing to "promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."

{¶16} Here, the trial court made a specific finding that it had considered the burden on governmental resources. The court's conclusion that a prison sentence was required

5

is supported by its findings that Fallon had a record of violence and had committed a serious offense. "It is the burden of the defendant to show a sentencing court did not balance the R.C. 2929.12 factors," or that the imposed sentence is "'strikingly inconsistent' with the factors in R.C. 2929.11 and R.C. 2929.12 as they apply to this case." (Citations omitted.) *State v. Sprott*, 11th Dist. Ashtabula No. 2016-A-0066, 2017-Ohio-1508, ¶ 16. Fallon has failed to meet that burden.

{¶17} Fallon cites to *State v. Miller*, 11th Dist. Lake No. 2018-L-133, 2019-Ohio-2290, as an example of a case in "contrast" with the present matter, since the trial court's "recitation of appellant's record and clear indication that prison was necessary" justified this court upholding the sentence. The fact that another trial court may have made more detailed findings does not mean that the court here erred in ordering its sentence, for the reasons outlined above.

{¶18} The sole assignment of error is without merit.

{¶19} For the foregoing reasons, Fallon's sentence for Attempted Domestic Violence in the Ashtabula County Court of Common Pleas is affirmed. Costs to be taxed against appellant.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

6