[Cite as *State v. Kuykendall*, 2017-Ohio-7280.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                         :

    Plaintiff-Appellee,                :        CASE NO. CA2017-01-006

    - vs -                                  :        O P I N I O N
                                                     8/21/2017

                                            :

RAYMOND C. KUYKENDALL,                 :

    Defendant-Appellant.             :

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-03-0388

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Katzman Logan Halper & Bennett, Joel G. Deutch, 9000 Plainfield Road, Cincinnati, Ohio 45236, for defendant-appellant

**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Raymond C. Kuykendall, appeals from the sentence he received in the Butler County Court of Common Pleas after he pled guilty to gross sexual imposition.[1] For the reasons set forth below, we affirm his sentence.

---

1. Pursuant to Loc.R. 6(A), we hereby sua sponte remove this case from the accelerated calendar for purposes of issuing this opinion.

{¶ 2} On March 30, 2016, appellant was indicted on one count of rape of a child younger than ten years in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. The charges arose out of allegations that from November 4, 2004 to November 3, 2008, while the victim was between the ages of four and seven, appellant engaged in sexual conduct by touching the victim's vaginal area and engaging in cunnilingus with the victim. The victim was appellant's close relative.

{¶ 3} On November 10, 2016, following plea negotiations, appellant pled guilty to one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree.[2] A sentencing hearing was held on December 13, 2016. At the hearing, the trial court heard from appellant and defense counsel. Appellant apologized for his actions, stating, "I'm terribly sorry for anything I did to [the victim]. I didn't want it to happen. I tried hard to push [her] away. And I went straight to her parents and told them that I didn't want [her] to be alone with me anymore. And – I'm sorry." Defense counsel provided a report from Dr. Barbara G. Brewer, Ph.D., a clinical and forensic psychologist who had evaluated appellant and recommended he be sentenced to a treatment program, rather than incarceration. Based on Dr. Brewer's recommendation, appellant's expressed remorse for his actions, and the fact that appellant had no prior criminal history, defense counsel requested that the court impose the "minimal sentence" on appellant.

{¶ 4} After considering the statements made by appellant and defense counsel and reviewing a presentence investigation report, victim impact statements provided by the victim and two of her family members, Dr. Brewer's report, and a referral letter from the Community Correction Center rejecting appellant from the program based on medical concerns, the trial

---

2. Appellant did not provide the court with the transcript of proceedings from the November 10, 2016 plea hearing. We therefore presume regularity in such proceedings. *State v. Ballinger*, 12th Dist. Warren No. CA2003-07-069, 2004-Ohio-4984, ¶ 7, citing *Hartt v. Munobe*, 67 Ohio St.3d 3, 7 (1993). *See also* App.R. 9.

court concluded that appellant was not amenable to available community control sanctions. The court determined that a prison sentence was necessary and sentenced appellant to 36 months in prison, with jail-time credit of 150 days. The court also classified appellant as a Tier II sex offender.

{¶ 5} Appellant timely appealed his sentence, raising two assignments of error. As the assignments of error are related, we will address them together.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED BY ISSUING A SENTENCE INCONSISTENT WITH THE EVIDENCE AND RECORD.

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE TRIAL COURT ERRED BY NOT FINDING [APPELLANT] REBUTTED THE PRESUMPTION OF INCARCERATION.

{¶ 10} In his second assignment of error, appellant argues he presented sufficient evidence, by way of Dr. Brewer's report, to rebut the presumption of incarceration. Alternatively, even if the presumption of incarceration had not been rebutted, appellant argues in his first assignment of error that he should have been "given the 1 year minimum sentence on the case due to his lack of record" and the fact that "the less serious factors outweigh the more serious factors" set forth in R.C. 2929.12.

{¶ 11} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Marcum* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant

statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers,* 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8; *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 12} R.C. 2907.05(C)(2) provides that "there is a presumption that a prison term shall be imposed for the offense" of gross sexual imposition in violation of R.C. 2907.05(A)(4). In fashioning an appropriate sanction for a defendant convicted of gross sexual imposition in violation of R.C. 2907.05(A)(4), "it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." R.C. 2929.13(D)(1).

{¶ 13} The purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. R.C. 2929.11(A). A felony sentence must be reasonably calculated to achieve the purposes set forth in R.C. 2929.11(A) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). In sentencing a defendant, a trial court is not required to consider each sentencing factor, but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. *State v. Littleton*, 12th Dist. Butler No. CA2016-03-060, 2016-Ohio-7544, ¶ 12. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly allows a trial court to consider

any relevant factors in imposing a sentence. *Id. State v. Birt*, 12th Dist. Butler No. CA2012-02-031, 2013-Ohio-1379, ¶ 64.

{¶ 14} After a thorough review of the record, we find no error in the trial court's decision to sentence appellant to 36 months in prison for his offense. The record plainly reveals that appellant's sentence is not clearly and convincingly contrary to law as the court properly considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, imposed the required mandatory five-year postrelease control term, and sentenced appellant within the permissible statutory range for a third-degree felony in accordance with R.C. 2929.14(A)(3)(a). At the sentencing hearing, the trial court specifically stated:

> The Court has had an opportunity to consider this matter in conjunction with the purposes and principles of sentencing set forth in Ohio Revised Code Section 2929.11 and considered the seriousness and recidivism factors set forth in Ohio Revised Code Section 2929.12.
>
> Having considered all the foregoing, the Court's had an opportunity to review the pre-sentence investigation in this matter * * * [and] also had an opportunity to consider victim impact statements[.]
>
> * * *
>
> I've also considered the report from Barbara G. Brewer, Ph.D., clinical [and] forensic psychologist, which [defense counsel] has alluded to. I also considered a referral letter from the Community Correction Center, which indicated that [appellant] had been rejected from that program based on medical issues beyond the scope of the CCC program.
>
> Based upon all of the foregoing, the Court finds that the [appellant] is not amenable to the available community controlled [sic] sanctions. While the Court recognizes that [appellant] had no prior criminal record, to say that he lived a law-abiding life his entire life, is not entirely accurate. These charges could have actually occurred some time ago. They only came to light recently.
>
> But the Court finds that, given the nature of the charges against

[appellant], and given the age of the victim in this case, that a prison sentence is warranted in this case, particularly given the nature of the relationship between the [appellant] and the victim.

Further, the court's sentencing entry provides that in finding appellant not amenable to available community control sanctions and imposing a 36-month prison term, the court "considered * * * the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12."

{¶ 15} Although appellant now argues he presented sufficient evidence to rebut the presumption of incarceration, we find that the court's decision to sentence him to 36 months in prison is supported by the record. Appellant did not file a sentencing memorandum seeking the imposition of a community control sanction prior to the sentencing hearing. Nor did he argue at the sentencing hearing that the presumption of incarceration had been rebutted and that he should be sentenced to community control. Rather, at the sentencing hearing, appellant merely asserted the court should impose a "minimal sentence." Here, the court's decision to sentence appellant to prison and not to community control was commensurate with the seriousness of appellant's conduct, necessary to punish appellant, and necessary to protect the public from future crime by appellant.

{¶ 16} Appellant correctly points out that many of the recidivism factors set forth in R.C. 2929.12(E) indicate that he is less likely to commit a future crime. Appellant expressed remorse for his actions, did not have a criminal history, and presented a report from a psychologist that detailed the abuse appellant suffered as a child, stated appellant had "little or no probability of ever offending again," and recommended appellant be sentenced to a treatment program. However, consideration of the seriousness factors set forth in R.C. 2929.12(B) supports the trial court's determination that a prison term was warranted as appellant's conduct was more serious than conduct normally constituting the offense.

Appellant used his familial relationship to facilitate the offense. He used his position of trust to sexually assault the victim when the victim was at a young and vulnerable age. The victim suffered from depression and suicidal thoughts as a result of appellant's actions.

{¶ 17} Although appellant disagrees with the trial court's analysis and its balancing of the seriousness and recidivism factors in R.C. 2929.12, it is "[t]he trial court [that], in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. After reviewing the record, we find no clear and convincing evidence that the court erred in balancing the factors in R.C. 2929.12. Rather, the record supports the trial court's sentencing decision. *See, e.g., State v. Eichele*, 11th Dist. Geauga No. 2015-G-0050, 2016-Ohio-7145 (upholding the prison sentence for gross sexual imposition even though defendant had no criminal record, had led a law-abiding life, and was at a very low risk to reoffend as the victim suffered serious psychological harm due to being molested by her father at a very young age); *State v. Brooks*, 11th Dist. Trumbull No. 2015-T-0111, 2016-Ohio-4743 (upholding the maximum prison sentence for gross sexual imposition even though defendant had minimal criminal history and was at low risk to reoffend as defendant expressed no remorse for his actions, the victim was the defendant's young granddaughter, and the victim suffered psychological harm).

{¶ 18} Accordingly, we conclude that appellant did not rebut the presumption of a prison term, that the imposed 36-month prison sentence is supported by the record, and that such sentence is not clearly and convincingly contrary to law. Appellant's first and second assignments of error are, therefore, overruled.

**{¶ 19}** Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.