[Cite as *State v. Fetterolf*, 2018-Ohio-2454.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-T-0109** |
| MATTHEW T. FETTEROLF, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2017 CR 00131.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Michael A. Burnett* and *Ashleigh Musick*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Matthew T. Fetterolf, appeals from the October 26, 2017 judgment of the Trumbull County Court of Common Pleas, sentencing him to two years in prison for burglary following a guilty plea. On appeal, appellant takes issue with his sentence. Finding no reversible error, we affirm.

{¶2}  On or about February 6, 2017, appellant entered a Newton Falls residence by force and committed a theft offense while the victim was home.

{¶3}  On March 29, 2017, appellant was indicted by the Trumbull County Grand Jury on three counts: count one, aggravated burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1) and (B); count two, assault, a misdemeanor of the first degree, in violation of R.C. 2903.13(A) and (C)(1); and count three, disrupting public services, a felony of the fourth degree, in violation of R.C. 2909.04(A)(1) and (C). Appellant pleaded not guilty at his arraignment and, through counsel, waived his right to a speedy trial.

{¶4}  On August 31, 2017, appellant withdrew his not guilty plea and entered a written plea of guilty to an amended count one, burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(1) and (C).  The trial court accepted appellant's guilty plea, dismissed the remaining charges, and referred the matter to the Adult Probation Department for a presentence investigation and report.[1]

{¶5}  On October 26, 2017, the trial court sentenced appellant to two years in prison.  The court granted appellant credit for time served, February 7, 2017 to February 16, 2017 and October 19, 2017 to October 26, 2017.  The court notified appellant that post release control is mandatory for three years.  Appellant filed a timely appeal and raises the following assignment of error:

{¶6}  "The trial court erred by sentencing appellant to a term of 24 months incarceration as the record does not support such a sentence."

{¶7}  In his sole assignment of error, appellant argues the trial court erred by imposing a two-year prison sentence instead of community control.

---

1. The PSI lists appellant's criminal background which is four pages long.

{¶8} "'(T)his court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals.' *State v. Hettmansperger,* 11th Dist. Ashtabula No. 2014-A-0006, 2014-Ohio-4306, ¶14. R.C. 2953.08(G) provides, in pertinent part:

{¶9} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶10} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶11} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶12} "(b) That the sentence is otherwise contrary to law."

{¶13} Appellant does not take issue with the statute. Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.

{¶14} R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) "to protect the public from future crime by the offender and others"; and (2) "to punish the offender using the minimum sanctions that the court determines

3

accomplish those purposes without imposing an unnecessary burden on state or local government resources." Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶15} R.C. 2929.12 provides a nonexhaustive list of sentencing factors the trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. The court that imposes a felony sentence "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). The factors a trial court may consider include the "more serious" factors, such as "[t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim" and "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B)(1) and (2). The court may also consider the "less serious" factors, any recidivism factors, and any mitigating factors listed in R.C. 2929.12(C)-(F).

{¶16} At the sentencing hearing, the trial court considered the purposes and principles of felony sentencing in arriving at a just sentence together with the seriousness and recidivism factors and balanced those factors and considered all relevant factors as well as the degree and type of felony; the court found the sentence proportional to appellant's conduct as well as consistent with similarly situated offenders; the court took appellant's statements into account; the court considered defense counsel's argument to impose community control instead of prison, including

4

the fact that although appellant has had misdemeanor convictions, this was appellant's first felony conviction; the court considered appellant's prior criminal history, as well as the PSI, and the entire record. Regarding appellant's criminal history, the court specifically stated: "Well, it's not like you have a pristine record and you have to worry about one more criminal charge[.] If you didn't have a criminal record, I could certainly understand. Anybody is reluctant to have one. But you've got multiple[.]" (October 19, 2017 Sentencing T.p. p.15).

**{¶17}** Also, in its October 26, 2017 judgment, the trial court indicated it had considered the record, oral statements, the PSI, and any victim impact statements, based upon the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism sentencing factors under R.C. 2929.12 before imposing sentence.

**{¶18}** Accordingly, the record reflects the trial court gave due deliberation to the relevant statutory considerations. The court considered the purposes and principles of felony sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12, as evidenced from the record.

**{¶19}** Appellant was sentenced to the minimum sentence of 2 years on one count of burglary, a felony of the second degree, following a guilty plea. Thus, the court sentenced appellant within the statutory range under R.C. 2929.14(A) ("(2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.") Second-degree felony convictions carry with them a presumption in favor of prison. *State v. Paulino,* 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, ¶33.

{¶20} R.C. 2929.13(D)(1) provides that for such a felony, "it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under [R.C. 2929.11]."

{¶21} R.C. 2929.13(D)(2) states: "Notwithstanding the presumption established under division (D)(1) of this section for the offenses listed in that division other than a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree * * * for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:

{¶22} "(a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

{¶23} "(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."

{¶24} The statute does not require courts to impose community control sanctions. Instead, it gives courts an option to impose community control sanctions

6

under certain circumstances. Even if the circumstances were met, the language of the statute does not indicate that trial courts must impose community control sanctions in lieu of prison time.

{¶25} In this case, the trial court noted the presumption of a prison term. Contrary to appellant's position, the court was not required to impose community control and it did not err in failing to make findings when it imposed the minimum prison term. *See State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶35-36; *State v. Rady*, 11th Dist. Lake No. 2006-L-213, 2007-Ohio-1551, ¶52-54. Further, the record reveals the court properly advised appellant regarding post release control. Therefore, the court complied with all applicable rules and statutes and, as a result, appellant's sentence is not clearly and convincingly contrary to law.

{¶26} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.