[Cite as *State v. Stephens*, 2019-Ohio-3150.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-P-0090** |
| HEATHER M. STEPHENS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2018 CR 00373.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Theresa M. Scahill,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Harvey B. Bruner*, Harvey B. Bruner Co., LPA, The Hoyt Block Building, Suite 110, 700 West St. Clair Avenue, Cleveland, OH 44113, and *Britt Newman*, Law Office of Britt Newman, 1280 West Third Street, First Floor, Cleveland, OH 44113 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Heather M. Stephens, appeals from her five-year sentence for Attempted Rape and Gross Sexual Imposition in the Portage County Court of Common Pleas. The issue to be determined in this case is whether a trial court errs when it sentences a defendant to serve a prison term for Attempted Rape and a maximum prison term for Gross Sexual Imposition when she has no criminal record, is not a risk for recidivism, and the court does not state at sentencing that it considered the required

sentencing factors. For the following reasons, we affirm the judgment of the lower court.

{¶2} On April 19, 2018, Stephens was indicted by the Portage County Grand Jury for five counts of Rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b), and three counts of Gross Sexual Imposition, felonies of the third degree, in violation of R.C. 2907.05.

{¶3} On August 14, 2018, a plea hearing was held at which Stephens pled guilty to two amended counts of Attempted Rape, pursuant to R.C. 2923.02 and 2907.02, felonies of the second degree, and two counts of Gross Sexual Imposition as charged in the indictment. A Nolle Prosequi was entered by the State on the remaining counts. The guilty plea was accepted by the trial court and a Written Plea of Guilty was filed on the same date.

{¶4} A sentencing hearing was held on October 22, 2018. Defense counsel argued that Stephens had no criminal record, was presently employed as an assistant manager at a gas station, and had family support as well as letters attesting to her good character. He argued that a sex offender evaluation was favorable to her and no factors were present indicating a high risk for recidivism. The State requested a sentence of one year in prison. The court noted that this was an "egregious case" and that Stephens was old enough to understand what she had done was wrong. Stephens apologized to her family and the victim and stated that she accepted responsibility for her actions. The court observed that the prosecutor would have asked for a more severe penalty if Stephens were a man. The court stated that "this type of behavior is not going to be tolerated" and found she was not amenable to community control sanctions. The court stated: "I took into consideration if - - if you didn't have a glowing history and the

2

psychological report did not come back favorable for you, * * * you could've been looking at at least eight years in prison, at least." It sentenced her to four years in prison for each count of Attempted Rape and five years for each count of Gross Sexual Imposition, with the sentences to run concurrently.

{¶5} The court issued an October 24, 2018 Order and Journal Entry in which it memorialized its sentence and stated that it had considered the purpose of felony sentencing and the evidence, statements, and presentence report.

{¶6} Stephens timely appeals and raises the following assignments of error:

{¶7} "[1.] The Trial Court Erred in Sentencing Appellant to a Prison Term.

{¶8} "[2.] The Trial Court Erred in Sentencing Appellant to a Maximum Term of Imprisonment on Her Convictions for Gross Sexual Imposition."

{¶9} In her first assignment of error, Stephens argues that the record does not support the trial court's decision to order her to serve a prison term rather than community control.

{¶10} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds either * * * (a) [t]hat the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13 * * * [or] (b) [t]hat the sentence is otherwise contrary to law." *Id.* "'A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2)

3

the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.'" *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶ 18, quoting *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 14. "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

**{¶11}** As an initial matter, the State argues that this court lacks jurisdiction to consider errors in imposing a prison term when there is a presumption of prison since there is no provision providing for such appeal in R.C. 2953.08(A), which sets forth grounds for a defendant to appeal a sentence. In support of this proposition it cites *State v. Anderson*, 2015-Ohio-888, 30 N.E.3d 176 (5th Dist.), which states: "The Legislature has expressly provided that the prosecution can appeal a trial court's decision overcoming the presumption of imprisonment contained in R.C. 2929.13. No such provision has been made for a defendant to appeal a sentence on the basis that the trial court refused to supersede the presumption for a prison term * * *." *Id.* at ¶ 67.

**{¶12}** While it is accurate that there is no specific affirmative right provided to allow for an appeal of a prison sentence when there is a presumption for such a sentence, R.C. 2953.08(A)(4) generally allows a defendant to appeal any sentence that "is contrary to law." Although not addressing this specific issue, many appellate courts, including this district, have evaluated the merits of a defendant's appeal when it was argued that he should have received community control rather than a prison sentence. *State v. Fetterolf*,

11th Dist. Trumbull No. 2017-T-0109, 2018-Ohio-2454, ¶ 20-25; *State v. Webb*, 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶ 14; *State v. Kuykendall*, 2017-Ohio-7280, 97 N.E.3d 32, ¶ 15 (12th Dist.).  We will consider the merits of Stephens' argument that the court erred by sentencing her to a prison term rather than community control.

{¶13}  As to the argument that the court should not have imposed a prison term on the Attempted Rape offenses, under the sentencing statutes, a prison term was required. For Attempted Rape, a felony of the second degree, there is a general presumption in favor of a prison term.  R.C. 2929.13(D)(1).  However, a court "*shall* impose a prison term" in the case of certain sex offenses, including "an attempt to commit rape if, had the offender completed the rape that was attempted, the offender would have been guilty of a violation of division (A)(1)(b) of section 2907.02 of the Revised Code and would be sentenced under section 2971.03 of the Revised Code."  (Emphasis added.)  R.C. 2929.13(F)(2).

{¶14}  Pursuant to R.C. 2907.02(A)(1)(b), an offense occurs when a party engages in sexual conduct with another person who is "less than thirteen years of age."  This allegation was made in the indictment, with Stephens pleading to the amended offense of Attempted Rape.  Further, had Stephens pled to a completed Rape offense, she would have been sentenced under R.C. 2971.03.  *See* R.C. 2907.02(B) ("an offender under division (A)(1)(b) of this section shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code").  While there is an exception to the application of that section to sentencing when the offender was less than sixteen years old and the victim was ten years or older, R.C. 2907.02(B), it does not apply here.  When Stephens was less than sixteen, the victim was under the age of ten.

5

{¶15} The State also argues that the Gross Sexual Imposition offenses required a prison term, citing R.C. 2929.13(D). That section provides for a presumption of prison for certain Gross Sexual Imposition offenses, including those committed under R.C. 2907.05(A)(4) as in the present matter, but further provides that certain provisions allowing a judge to order community control do not apply to this type of offense. The statute, however, does not state that there is a mandatory prison term for such offenses, nor does the State cite any law in favor of that proposition. In fact, R.C. 2929.13(F)(3) provides that prison "shall" be ordered for Gross Sexual Imposition offenses where the victim is less than 13 years old and the offender was previously convicted of sexual offenses or where there is evidence other than victim testimony admitted to corroborate the violation. The existence of these provisions, which do not apply in the present matter, demonstrate that prison is not mandatory for other Gross Sexual Imposition offenses. As such, we are not precluded from considering whether the trial court erred in failing to order community control for these offenses. Under that analysis, we find no error.

{¶16} Initially, Stephens argues that the trial court failed to consider the R.C. 2929.11 and 2929.12 sentencing factors since it did not state that it considered these factors, rendering the sentence contrary to law.

{¶17} A court imposing a felony sentence is required to *consider* the statutory sentencing factors in R.C. 2929.11 and .12, but "there is no requirement to make specific findings or use specific language during the sentencing hearing." *State v. Crandall*, 11th Dist. Ashtabula No. 2016-A-0030, 2016-Ohio-7920, ¶ 36, citing *State v. Jackson*, 11th Dist. Lake No. 2014-L-124, 2015-Ohio-2608, ¶ 21.

{¶18} The trial court did not specifically state at the sentencing hearing that it had

6

considered these statutory factors. However, in its sentencing Order and Journal Entry, the court stated that it had "considered the purpose of felony sentencing which is to protect the public from future crimes by Defendant and to punish the Defendant using the minimum sanctions that the Court determines to accomplish those purposes without imposing an unnecessary burden on state or local government resources" and the need to incapacitate and rehabilitate the defendant and deter future crime. This language mirrors that contained in R.C. 2929.11. This is sufficient to comply with the requirement to consider the R.C. 2929.11 factors. *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61 ("[a]lthough the court did not specifically reference the relevant statutory guidelines during the sentencing, its journal entry imposing sentence" stating that it considered R.C. 2929.11 fulfilled the court's obligation).

{¶19} As to the R.C. 2929.12 factors, which relate to the seriousness of the crime and the risk of recidivism, although the court did not specify it had considered these factors, it recognized at the sentencing hearing both Stephens' lack of a criminal record and the "horrendous" nature of the offenses and the seriousness with which they should be treated. These statements demonstrated consideration of the sentencing factors. *State v. Harold*, 11th Dist. Portage No. 2014-P-0012, 2015-Ohio-954, ¶ 58 (the court considered the factors under R.C. 2929.12 when it noted the appellant's history of criminal convictions); *State v. Jung*, 2018-Ohio-1514, 111 N.E.3d 54, ¶ 19 (8th Dist.) ("sufficient information in the record exists * * * to conclude that the trial court considered the relevant factors contained in R.C. 2929.12" where the court reviewed the PSI and noted the defendant's prior community control violations).

**{¶20}** While Stephens argues this is just "boilerplate language," the law does not require fact-finding and a statement indicating consideration is sufficient. *Crandall*, 2016-Ohio-7920, ¶ 36. Stephens does not demonstrate that the court failed to consider these factors. "It is the burden of the defendant to show a sentencing court did not balance the R.C. 2929.12 factors," or that the imposed sentence "'is strikingly inconsistent'" with the factors in R.C. 2929.11 and R.C. 2929.12 as they apply to this case. (Citations omitted.) *State v. Sprott*, 11th Dist. Ashtabula No. 2016-A-0066, 2017-Ohio-1508, ¶ 16.

**{¶21}** When there is a presumption of prison that may allow for a court to order community control, there is no requirement that the court do so. *Fetterolf*, 2018-Ohio-2454, at ¶ 24. The lower court considered the necessary factors for determining the proper sentence, taking into account Stephens' lack of a criminal record, noting that it was the reason it did not give a greater sentence. It weighed this against the serious nature of the crime, emphasizing the egregious nature of the offenses. Nothing in the court's decision shows that it failed to weigh the circumstances to properly determine that prison was warranted.

**{¶22}** Stephens argues that there are several factors weighing in favor of ordering community control.

**{¶23}** First, she emphasizes the low risk of recidivism, her lack of a criminal record, and her expression of remorse as R.C. 2929.12(D) and (E) factors weighing in her favor. The court was fully aware of these factors and emphasized that her lack of a criminal history was the reason she received a shorter sentence than the court would otherwise order. While some factors may weigh in favor of Stephens receiving a reduced sentence "the trial court is not obligated * * * to give any particular weight or consideration

8

to any [R.C. 2929.12] sentencing factor." (Citation omitted.) *State v. Pishner*, 11th Dist. Portage No. 2017-P-0004, 2017-Ohio-8689, ¶ 20.

**{¶24}** Stephens also emphasizes the lack of factors making the crimes more serious, with the exception that her relationship with the victim, her cousin, facilitated the offense. As noted above, the court was not required to give specific weight to these factors when considered in conjunction with the totality of the facts in this matter. Moreover, given the serious nature of these offenses, the fact that Stephens sexually abused her cousin should not be deemphasized.

**{¶25}** Stephens also contends that the court took into account "unreasonable" factors, such as noting that the crime was "horrible," which is true of all sexual abuse crimes. The court, however, made it clear that it found the nature of these crimes, which included the familial relationship of the victim and Stephens and the age of the victim, to be a serious concern. This is again relevant to weigh during sentencing. While Stephens cites *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, in support of the proposition that finding an offense is "terrible" is not sufficient to justify a sentence, *Johnson* is not relevant here. In *Johnson*, the appellate court found that the lower court's statement regarding the offenses being "terrible" was not sufficient to constitute a finding that the offenses were so "great or unusual" as to warrant consecutive terms, pursuant to R.C. 2929.14(C)(4), which requires the court to make specific findings to issue consecutive sentences, a matter not at issue here. *Id.* at ¶ 20-21.

**{¶26}** Finally, Stephens takes issue with the court's statements that the State may have requested a harsher sentence if she were a man, emphasizing that a court "shall not base the sentence upon the * * * gender * * * of the offender." R.C. 2929.11(C). While

9

the court's comments on this issue may have been unnecessary, they do not demonstrate that the court based its sentence on gender. Rather, they appeared to be an expression of dissatisfaction with the State's sentencing recommendation. The court did not indicate it gave Stephens a greater sentence because she was a female and the court is entitled to give a greater sentence than the one recommended by the State if it does not believe the sentence is commensurate with the defendant's conduct in committing the offense.

{¶27} Based on the foregoing, we find no error in ordering Stephens to serve a prison sentence rather than community control.

{¶28} The first assignment of error is without merit.

{¶29} In her second assignment of error, Stephens argues that a maximum sentence for the Gross Sexual Imposition offenses was unwarranted given her age and that the sentence was higher than for the more serious offenses of Attempted Rape.

{¶30} Initially, the State argues that this court lacks jurisdiction to consider this issue because a maximum sentence can be appealed only when the sentence was imposed for one offense or for multiple offenses arising out of a single incident. R.C. 2953.08(A)(1). Nonetheless, since there may be concerns that the sentence is contrary to law and given this court's prior consideration of similar matters, we will address the merits. *See State v. Langlois*, 11th Dist. Ashtabula No. 2003-A-0080, 2005-Ohio-2795, *rev'd on other grounds, In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174 (considering appellant's arguments regarding maximum sentences received for offenses arising from multiple incidents).

{¶31} Stephens argues that since she was a juvenile during a portion of the period during which the offenses occurred, she should not receive the harshest penalty

10

available.  While she generally cites to law regarding juveniles being "less deserving" of severe punishments, she does not provide any authority for the proposition that the trial court was prohibited from giving her a maximum sentence.  In fact, courts in Ohio have not applied the reasoning in cases such as *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), cited by Stephens for the proposition that juveniles should be sentenced differently than adults, to cases involving a prison term that is a term of years or where a defendant is eligible for parole.  *State v. Terrell*, 8th Dist. Cuyahoga No. 103428, 2016-Ohio-4563, ¶ 17-18.  Further, the Ohio Supreme Court has upheld a maximum sentence of life in prison imposed upon a defendant who was 15 at the time he committed the Rape but was prosecuted after he was 21.  *See generally State v. Warren*, 118 Ohio St.3d 200, 2008-Ohio-2011, 887 N.E.2d 1145.  Here, the conduct was committed when Stephens was between the ages of 15 and 20 and we find no error in determining that a five-year sentence was warranted for such conduct.

**{¶32}** Stephens also argues generally that the sentence was too harsh for an offense of Gross Sexual Imposition, noting that the sentence for these offenses was greater than for the Attempted Rape offenses.  She cites no case law for the position that she should receive a lesser sentence for a lower level of offense.  As explained above, the court did not err in considering the necessary factors in issuing its sentence.  The trial court has "full discretion to impose a prison sentence within the statutory range" and is not required to make findings stating its reasoning for imposing a maximum sentence.  *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus.

**{¶33}** The second assignment of error is without merit.

11

{¶34} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, sentencing Stephens to serve a five-year prison term, is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.