[Cite as *State v. Balch*, 2019-Ohio-4930.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO.  2019-T-0037** |
| RUSSELL DUANE BALCH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2018 CR 01166.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}   Defendant-appellant, Russell D. Balch, appeals the aggregate eight-year prison sentence ordered by the Trumbull County Court of Common Pleas following his plea of guilty to Operating a Vehicle under the Influence of Alcohol, a Drug of Abuse, or a Combination of them and Unauthorized Use of a Vehicle.  For the following reasons, we affirm the decision of the court below.

{¶2}   On February 1, 2019, the Trumbull County Grand Jury returned an

Indictment against Balch charging him as follows:

>Count 1:    Operating a Vehicle under the Influence of Alcohol, a Drug of Abuse, or a Combination of them, a felony of the third degree in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(e) ("offender * * * previously has been convicted of or pleaded guilty to a violation of division (A) of this section that was a felony"), with a forfeiture specification pursuant to R.C. 2941.1417(A) and former R.C. 2981.02(A)(2) and (3)(a).

>Count 2:    Operating a Vehicle under the Influence of Alcohol, a Drug of Abuse, or a Combination of them, a felony of the third degree in violation of R.C. 4511.19(A)(1)(f) and (G)(1)(e) ("offender * * * previously has been convicted of or pleaded guilty to a violation of division (A) of this section that was a felony"), with a forfeiture specification pursuant to R.C. 2941.1417(A) and former R.C. 2981.02(A)(2) and (3)(a).

>Count 3:    Tampering with Evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1) and (B).

>Count 4:    Possession of Marijuana, a minor misdemeanor in violation of R.C. 2925.11(A) and (C)(3)(b)[1].

>Count 5:    Unauthorized Use of a Vehicle, a misdemeanor of the first degree in violation of R.C. 2913.03(A) and (D)(2).

>Count 6:    Consumption in a Motor Vehicle, a misdemeanor of the first degree in violation of R.C. 4301.64(A) and (D)(2)[2].

{¶3} On May 7, 2019, Balch entered guilty pleas to Counts 1, 2, and 5 of the Indictment. The State of Ohio subsequently entered a Nolle Prosequi on Counts 3, 4, and 6.

{¶4} On June 4, 2019, the sentencing hearing was held. The two counts of Operating a Vehicle under the Influence being allied offenses, the State elected to proceed on Count 1. In support of an eight-year-sentence, the prosecutor argued:

---

1. Contrary to the Indictment, this division describes the possession of marijuana in an amount that "equals or exceeds one hundred grams but is less than two hundred grams" as a misdemeanor of the fourth degree.
2. This statute does not contain a division (A) or (D).

At the time of this offense, the defendant was driving a stolen car, he had a blood alcohol content of .223, and he had methamphetamine and marijuana in his system. This defendant has three prior felony OVIs, 13 OVIs overall, as well as a prior conviction for aggravated vehicular assault. The defendant has 72 prior criminal cases.

{¶5} The trial court ruled:

It's one of the most outrageous driving records I've ever seen. Multiple, multiple, multiple OVIs. Luckily, someone wasn't killed here. I'm concerned that 8 years isn't enough, but that's all I can give you at this time, because I would give you more if I could. You are a danger to society to be out there right now. We've got to take you off for as long as we can.

So taking into consideration the principles and purposes of sentencing, and obviously your likelihood of recidivism, the Court will sentence you to 36 months, 3 years, on the underlying offense, and 5 years on the repeat OVI offender, and order them to be served consecutively, for a total of 8 years.

And the consecutive sentence is based on your likelihood of committing future crimes.[3] This is the worst type of this offense. It is – this is necessary to protect the public and punish you and not disproportionate. And again, the harm is so great or unusual that a single term does not adequately reflect the seriousness of this conduct. And your criminal history shows that consecutive terms are needed to protect the public here.

So you are further ordered a mandatory fine of $1,350. And your driver's license is suspended for life.

As to Count 5, 180 days in the Trumbull County Jail. That merges [i.e., will be served concurrently] with that.

{¶6} Balch's sentence was memorialized in a written Entry on Sentence on June 13, 2019.

{¶7} On June 27, 2019, Balch filed a Notice of Appeal. On appeal, he raises the following assignment of error:

---

3. Pursuant to R.C. 2929.13(G)(2), "[t]he offender shall serve the [repeat OVI offender] mandatory prison term consecutively to and prior to the prison term imposed for the underlying offense * * *."

{¶8} "[1.] The trial court erred by sentencing the appellant to the maximum terms of incarceration available."

{¶9} Balch argues "the trial court abused its discretion in imposing the maximum term of incarceration available upon Appellant" where "the record in this matter reveals that both Appellant and society at large would benefit from Appellant being placed in an appropriate treatment program, instead of being simply warehoused away for as long as possible." Appellant's brief at 2. Contrary to Balch's argument, a court of appeals does not review a felony sentence for abuse of discretion.

{¶10} "The appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). Rather, an appellate court may vacate a sentence "if it clearly and convincingly finds either * * * [t]hat the record does not support the sentencing court's findings * * * [or] [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶11} This court has previously disavowed the authority cited by Balch, *State v. Colburn*, 9th Dist. Medina No. 14CA0012-M, 2016-Ohio-165, for the proposition that "the appellate court reviews the imposition of a maximum term of imprisonment under an 'abuse-of-discretion standard.'" Appellant's brief at 2. *See State v. Smith*, 11th Dist. Trumbull No. 2018-T-0061, 2019-Ohio-1952, ¶ 11.

{¶12} In the present case, the trial court was not required to make any findings before imposing the maximum sentence. *State v Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37 ("trial courts * * * are no longer required to make findings or give their reasons for imposing maximum * * * or more than the minimum

sentences"). Rather, "they must consider the sentencing purposes in R.C. 2929.11 and the guidelines in R.C. 2929.12." *State v. Figueroa*, 11th Dist. Trumbull No. 2018-T-0071, 2019-Ohio-3151, ¶ 28.

{¶13} "A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

> The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

R.C. 2929.11(A).

{¶14} A trial court's ability to achieve the overriding purposes of a felony sentence is defined as discretionary, as is its authority to impose a sentence within the statutorily prescribed range for a given offense. "[A] court that imposes a sentence * * * upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). Likewise, "trial courts have full discretion to impose a prison sentence within the statutory range." *Mathis* at ¶ 37.

{¶15} A trial court's discretion with respect to these aspects of felony sentencing does not alter the clear and convincing standard under which this court reviews felony

5

sentences. The Ohio Supreme Court has held that, when reviewing felony sentences "imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12," the appellate court applies an "equally deferential" standard of review as it applies when reviewing other sentences under R.C. 2953.08(G). "That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23.

{¶16} Balch raises no argument that his sentence was contrary to law and we do not find by clear and convincing evidence that the record does not support the imposition of the maximum sentence. The fact that Balch and/or society at large might benefit from Balch receiving treatment for substance abuse does not undermine and is not even inconsistent with the eight-year sentence which effectively protects the public by incapacitating the offender.

{¶17} The sole assignment of error is without merit.

{¶18} For the foregoing reasons, Balch's eight-year prison sentence is affirmed. Costs to be taxed against the appellant.

CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

6