**[Cite as *State v. DiBell*, 2020-Ohio-734.]**

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NOS. 2019-A-0052** |
| - vs - | : | **2019-A-0053** |
| | | **2019-A-0054** |
| MATTHEW THOMAS DIBELL | : | **2019-A-0055** |
| a.k.a. MATTHEW T. DIBELL, | | **2019-A-0056** |
| | : | **2019-A-0057** |
| Defendant-Appellant. | : | |

Criminal Appeals from the Ashtabula County Court of Common Pleas, Case Nos. 2018 CR 00604, 2018 CR 00708, 2019 CR 00020, 2019 CR 00021, 2019 CR 00078, and 2019 CR 00190.

Judgment: Affirmed.

*Cecilia M. Cooper*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Prosecutor's Office, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Sean C. Buchanan*, Slater & Zurz, One Cascade Plaza, Suite 2200, Akron, OH 44308 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Matthew Thomas DiBell, appeals his sentence for Burglary in the Ashtabula County Court of Common Pleas. The issue to be determined in this case is whether a court errs when it mentions only some of the purposes of sentencing at the sentencing hearing. For the following reasons, we affirm the decision of the lower court.

{¶2} Between September 12, 2018, and March 26, 2019, DiBell was indicted and/or a bill of information was issued for several offenses in six separate cases in the Ashtabula County Court of Common Pleas. Pertinent to this appeal, on March 6, 2019, he was indicted for Burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(2), and Grand Theft of a Motor Vehicle, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1) and (B)(5), in Ashtabula County Court of Common Pleas Case No. 2019 CR 00020.

{¶3} Each of the six cases were resolved by the entry of guilty pleas. In Case No. 2019 CR 00020, on May 22, 2019, DiBell entered a guilty plea to Burglary and Grand Theft as charged in the Indictment. The plea agreement stated that DiBell "underst[oo]d that the State of Ohio's position on sentencing is: PSI, Count 1 (6) years prison, Count 2 (12) months prison concurrent with each other." In the remaining cases, DiBell pled guilty to the following offenses: three counts of Grand Theft of a Motor Vehicle, Assault, Obstructing Official Business, Resisting Arrest, Failure to Comply with an Order or Signal of a Police Officer, and Receiving Stolen Property.

{¶4} A sentencing hearing for all six cases was held on May 22, 2019. Defense counsel argued that DiBell had a drug problem, his mother had used drugs, and emphasized he was only 19 years old and would best be served by being placed in drug court and NEOCAP. DiBell expressed remorse and stated that the offenses were the result of a drug addiction precipitated by the death of his girlfriend. The State emphasized the harm caused to the victims and DiBell's juvenile record. The State requested "six years in prison, globally."

{¶5} The court stated that it had reviewed the presentence investigation

2

reports, the facts leading to the charges, and considered "the purposes and principles of the sentencing statutes, as the overriding purposes are to punish the offenders and to protect the public from future crime," and the seriousness and recidivism factors pursuant to R.C. 2929.12. The court noted that DiBell showed "genuine remorse" but also emphasized his lengthy juvenile record, that he had not responded favorably to past sanctions, and the offenses occurred while he was on community control. It found "community control would demean the seriousness of the conduct in this case and its impact upon any victims, and would not adequately protect the public."

{¶6} In Case No. 2019 CR 00020, the court ordered DiBell to serve concurrent terms of six years in prison for Burglary and one year for Grand Theft. For the remaining five cases, sentences ranging from six months to 30 months of incarceration were ordered, all to be served concurrently with Case No. 2019 CR 00020. In a May 24, 2019 Judgment Entry for Case No. 2019 CR 00020, the court stated it had considered the record, information presented by DiBell and the State, the PSI and, "based on the purposes and principles of sentencing (R.C. 2929.11) and the sentencing factors [seriousness and recidivism (R.C. 2929.12)]" ordered the foregoing sentence.

{¶7} DiBell timely appeals and raises the following assignment of error:

{¶8} "The trial court abused its discretion by sentencing Mr. DiBell to six years on the burglary offense."

{¶9} Although DiBell filed separate notices of appeal in the six underlying criminal cases, he raises arguments relating only to his sentence for Burglary in Case No. 2019 CR 00020. He argues that the trial court abused its discretion by improperly applying the purposes and principles of felony sentencing.

3

{¶10} We first emphasize that "a court of appeals does not review a felony sentence for abuse of discretion." *State v. Balch*, 11th Dist. Trumbull No. 2019-T-0037, 2019-Ohio-4930, ¶ 9; R.C. 2953.08(G)(2). An appellate court may increase, reduce, or modify an appealed sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds that the sentence is contrary to law. R.C. 2953.08(G)(2)(a) and (b); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. "'A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.'" *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶ 18, quoting *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 14.

{¶11} DiBell specifically takes issue with the trial court's following statement at the sentencing hearing: "The Court's considered the purposes and principles of the sentencing statutes, as the overriding purposes are to punish the offenders and to protect the public from future crime." He contends that the court's omission of the third purpose, to rehabilitate the offender using the minimum sanctions necessary without burdening the government, demonstrates the court's failure to fully consider it.

{¶12} Pursuant to R.C. 2929.11(A), "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing * * * [which] are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an

4

unnecessary burden on state or local government resources." To achieve the foregoing purposes, the court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* In determining "the most effective way to comply with the purposes and principles of sentencing," a trial court must consider factors relating to the seriousness of the conduct and the likelihood of the offender's recidivism, as well as any other relevant factors. R.C. 2929.12(A).

{¶13} We emphasize that the trial court need not make any particular findings to demonstrate its consideration of the foregoing factors. "[I]n sentencing a defendant for a felony, 'a court is merely required to "consider" the purposes and principles of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12,'" not make "specific findings or use specific language." (Citation omitted.) *State v. Brown*, 11th Dist. Lake No. 2014-L-075, 2015-Ohio-2897, ¶ 34; *State v. Jackson*, 11th Dist. Lake No. 2014-L-124, 2015-Ohio-2608, ¶ 21.

{¶14} Nonetheless, the record demonstrates the trial court did apply and consider the purposes and principles of sentencing. The trial court stated at the sentencing hearing, and in its subsequent sentencing entry, that it had considered the purposes and principles of the sentencing statute and the seriousness and recidivism factors in R.C. 2929.12. Although not required to do so, it examined the reasons for its sentence while addressing the seriousness and recidivism factors, including DiBell's extensive juvenile record and failure to respond to past punishment.

{¶15} Further, while DiBell emphasizes that the court's failure to base its sentence on all of the purposes of sentencing was demonstrated by the court stating

only two of the three purposes at the sentencing hearing, we disagree. The court was not required to discuss each of the purposes it considered and the fact that it chose to state two of the three at the hearing does not mean it failed to apply the other. *See State v. Staggs*, 4th Dist. Gallia No. 16CA19, 2017-Ohio-7368, ¶ 19 ("[n]or, in the absence of affirmative evidence to the contrary, does the trial court's discussion of some of the factors establish that it did not consider all of them"). In fact, although the court did not state the exact language of the rehabilitation/burden purpose of sentencing, at the conclusion of the hearing it found that the prison sentence "does not place an unnecessary burden on the state" and recognized that such a sentence was necessary both to protect the public and because of DiBell's record and past failures at rehabilitation. These demonstrated the court's awareness and consideration of this purpose of sentencing.

{¶16} DiBell contends that rehabilitation (both a purpose and principle of sentencing) was not properly considered, especially in light of his young age. The court's extensive discussion of DiBell's criminal record, the six felony cases accrued in less than six months, and failure to respond to past sanctions, however, demonstrated its legitimate concern that effective rehabilitation could not be achieved through a less serious sentence, as this had not been the case in the past.

{¶17} Finally, DiBell's citation to *State v. Stephens*, 11th Dist. Portage No. 2018-P-0090, 2019-Ohio-3150, is unavailing, as that case does not require reversal if all three purposes of sentencing are not expressly stated by the court. Further, *Cincinnati v. Clardy*, 57 Ohio App.2d 153, 385 N.E.2d 1342 (1st Dist.1978), is entirely distinguishable since it applies different statutory sentencing provisions and the sentence therein was

6

reversed because the defendant received a maximum sentence and had no criminal record, unlike DiBell.

{¶18} The sole assignment of error is without merit.

{¶19} For the foregoing reasons, DiBell's sentence for Burglary in the Ashtabula County Court of Common Pleas is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.